EL PUEBLO DE PUERTO RICO en interés del menor R.F.C.

*Número:* CE-88-330                    *Resuelto:* 4 de marzo de 1992

*Rafael Rivera Rosa*, de *Rivera Rosa & Díaz Maisonet*, abogado del apelante; *Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General*, y *Marjorie Rivera Rodríguez, Procuradora General Auxiliar*, abogados de El Pueblo.

## SENTENCIA

Por adolecer de un defecto sustancial insubsanable —la querella J-88-218 presentada contra el menor R.F.C.— revocamos la medida dispositiva impuesta por el tribunal de instancia, la cual le imputó una alegada violación al Art. 14(8) de la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3213(8). Veamos los hechos.

### I

Al menor apelante se le imputaron dos (2) faltas. En la querella J-88-218 se le imputó lo siguiente:

El menor [R.F.C.], el día 16 de febrero de 1988, a eso de la 1:00 P.M., y en Estacionamiento del Centro Comercial Plaza Las Américas, Hato Rey, P.R., que forma parte del Tribunal Supe-

rior de Puerto Rico, Sala de San Juan, *ilegal, voluntaria* y maliciosamente, *poseía* el auto Toyota 1.8, Tab. 01 B 912, color marrón, y el mismo tenía una parrilla de auto Volvo y tapicería en Tela de pana color crema la cual pertenece a otro vehículo, el que se desconoce su origen. (Énfasis suplido.) Apéndice 1, pág. 1.

Esta querella del Estado fue titulada "Infracción al Artículo 14 inciso 8 de la Ley 8 del 5 de agosto de 1987" (Ley para la Protección de la Propiedad Vehicular).

En la segunda querella, J-88-219, se le imputó como falta una infracción a la Sec. 3-301 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 721, consistente en conducir un vehículo de motor sin estar debidamente autorizado para ello.

Conforme a la exposición narrativa de la prueba, a eso de la una de la tarde (1:00 P.M.) de 16 de febrero de 1988 el menor apelante se encontraba, en unión a otros jóvenes,[1] dando vueltas por el estacionamiento de Plaza Las Américas y conduciendo un automóvil 1.8, Toyota Corolla. Los guardias privados de seguridad del referido centro comercial detuvieron al apelante por alguna razón que no surge del récord. En eso, pasaban por el lugar los agentes Jorge R. López Rivera y Ramón Antonio Quiles, agentes de la División de Vehículos Hurtados de la Policía de Puerto Rico, y los guardias de seguridad los llamaron al lugar de la intervención. Cuando aquéllos se acercaron, el agente Jorge R. López Rivera observó que el vehículo detenido tenía puesta una parrilla[2] de Volvo y los asientos de un Mazda. El agente López Rivera procedió a pedirle al conductor (el apelante) que le mostrara su licencia de conducir y el joven apelante le señaló que no la tenía. Luego, el agente López Rivera le pidió la licencia del vehículo y, al mostrársela, el apelante le indicó que había comprado el

---

[1] Según la prueba, ninguno de sus acompañantes estaba autorizado para conducir.

[2] Parte delantera del vehículo que cubre el radiador y sirve de adorno y distintivo del vehículo.

carro pero no había hecho el traspaso de titularidad en los registros del Departamento de Obras Públicas.

El agente López Rivera, teniendo conocimiento de que existía y estaba vigente la Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. secs. 3201–3226) y que ésta permitía intervenir con el dueño de un vehículo cuyas partes se ven a simple vista que no corresponden al vehículo particular, le requirió al apelante los recibos de pago de la parrilla y de los asientos. El apelante señaló que no contaba con ellos. Al preguntarle el costo de esas piezas y dónde las había comprado, el apelante se limitó a contestar que pagó ciento cincuenta dólares ($150) por la parrilla y ciento cincuenta dólares ($150) por los asientos, y que se los compró a un muchacho "por ahí".

El precio alegadamente pagado por el apelante le pareció irrisorio al agente López Rivera, de acuerdo con su conocimiento y experiencia, por lo que procedió a ocupar el vehículo para investigación. El vehículo fue trasladado al solar de vehículos hurtados de la Policía de Puerto Rico.

Durante la vista adjudicativa, el agente López Rivera declaró que con posterioridad a los hechos no se le mostró evidencia alguna de la compra de las referidas piezas ni se trajo a su presencia al supuesto vendedor. En el contrainterrogatorio reconoció que no se había recibido en su división ninguna querella que estableciera el origen ilegal de las piezas y que éstas podían estar disponibles en el mercado abierto para ser adquiridas por cualquier persona. Sin embargo, las piezas no tenían número de serie ni identificación.

Con posterioridad a la intervención, el agente López Rivera investigó el precio en el mercado de las piezas, y resultó que la parrilla nueva Volvo costaba trescientos cincuenta y seis dólares ($356) y los asientos nuevos de

Mazda (Modelo 626) tres mil dólares ($3,000).[3] La depreciación de las piezas la conoce la Volvo y la Mazda.

Finalmente, reconoció el agente López Rivera en su contrainterrogatorio que al momento de su intervención no había ninguna confidencia sobre el origen de las piezas o sobre algún delito cometido por el apelante. Con este testimonio quedó sometido el caso de la Procuradora de Menores.

La defensa solicitó la absolución perentoria del apelante aduciendo que la intervención no ocurrió en una vía pública para imputarle la violación a la ley de tránsito; que el Art. 14(8) de la Ley Núm. 8, *supra*, 9 L.P.R.A. sec. 3213(8), no imputa delito sino que es sólo una autorización para que la Policía pueda, si se dan las circunstancias allí expuestas, detener e inspeccionar el vehículo; que la persona así detenida no tiene que presentar recibo de las piezas ni explicar su procedencia, pues es al Estado a quien corresponde probar que se ha cometido el delito; que la aplicación de la Ley Núm. 8, *supra*, a este caso resultaba ser *ex post facto*, pues ésta entró en vigor el 5 de agosto de 1987 y las piezas fueron adquiridas por el apelante antes de esa fecha, y que las piezas de por sí no eran materia delictiva. El foro de instancia denegó la moción de absolución perentoria.

La defensa presentó entonces, como prueba de descargo, al padre del apelante, Sr. R.F.V. Éste declaró, en síntesis, que en 1983 había comprado el carro en controversia al Sr. William F.C., ya que éste lo compró nuevo y no lo pudo pagar, y se lo traspasó mediante compraventa. El Sr. R.F.V. no hizo el correspondiente traspaso de título. Posteriormente, el testigo compró otro carro y le dejó el Toyota Corolla 1.8 a su hijo (el apelante). El apelante tuvo que trabajar para pagárselo. Como el carro tenía los asientos un

---

[3] El agente López Rivera describió los asientos como "de lujo, en pana, bonitos".

poco deteriorados, el testigo le compró unos a Vitín Martínez, en ciento cincuenta dólares ($150) "hacía ocho meses atrás". Según el Sr. R.F.V., el señor Martínez había chocado su vehículo (fue pérdida total) y, en vista de que le faltaban sólo dos (2) meses para saldarlo, decidió entregarlo no sin antes venderle al testigo los asientos. El testigo indicó que el señor Martínez había sido alguacil del Centro Judicial de San Juan y que para la fecha de la vista había fallecido.

El señor Martínez, según el testigo, residía a un (1) kilómetro de distancia de su negocio (colmado) en la carretera 765, Bo. Borinquen, Sector El Cantil, en Caguas. Indicó el testigo que le había dado esa información al agente López Rivera, en ocasión de éste haberlo citado a él y a su hijo.

En cuanto a la parrilla, declaró el Sr. R.F.V. que desconocía que se hubiese instalado en el Toyota, pero que creía que su hijo la había adquirido en un club. El agente le pidió que investigara, por lo que le preguntó a su hijo, quien le informó que había pagado ciento cincuenta dólares ($150) y que le iban a dar recibo, pero luego de conseguir la dirección del trabajo del vendedor, "[e]se muchacho [vendedor] no le quiso decir su nombre y rehusó darle recibo". Adujo que le dió esa información al agente López Rivera.

A preguntas de la Procuradora de Menores, el padre del menor contestó que la parrilla no era nueva sino usada. Declaró, además, que permitía a su hijo conducir el vehículo pero restringido al área y casi siempre acompañado por un conductor autorizado. Aceptó, sin embargo, que el menor no tenía siquiera licencia de aprendizaje.

Con esa prueba testifical quedó sometido el caso. El foro sentenciador declaró al menor incurso en las faltas imputadas y, como medida por cada falta, debían ser cumplidas en forma concurrente bajo el régimen de libertad a prueba. Se le impuso doce (12) meses. El foro sentenciador dejó al menor bajo la custodia de sus padres y la supervisión del tribunal por el término impuesto.

De esa sentencia acude el menor apelante ante nos señalando:

1– Erró el Honorable Tribunal apelado al determinar que constituye delito la infracción al artículo 14, Inciso 8 de la Ley 8 de 5 de agosto de 1987.

2– Erró el Honorable Tribunal apelado al determinar que el estacionamiento de Plaza Las Américas constituía una vía pública de Puerto Rico.

3– Erró el Honorable Tribunal apelado al determinar que el peso de probar que no había cometido falta alguna recaía en la parte apelante.

4– Erró el Honorable Tribunal apelado al determinar que existía una presunción en ley de que el apelante conocía que las piezas en su vehículo tenían un origen ilegal y, sobre esta presunción, presumir a su vez el origen ilegal de las piezas.

5– Erró el Honorable Tribunal apelado al determinar que la parte apelante no podía cuestionar la constitucionalidad de la interpretación que el Procurador de Menores daba a la ley número 8 de 5 de agosto de 1987.

6– Erró el Honorable Tribunal apelado al determinar que la Policía de Puerto Rico tiene facultad para interrogar un ciudadano sin realizar advertencia legal alguna y que constituye delito la insatisfacción de la Policía con las respuestas que obtenga.

7– Erró gravemente el Honorable Tribunal apelado en la apreciación de la prueba que tuvo ante sí, no estando el fallo condenatorio apoyado por la prueba.

8– Erró gravemente el Honorable Tribunal apelado al determinar incurso al menor en una falta a una ley que no estaba en vigencia a la fecha de la comisión de los actos imputados. Alegato de la parte apelante, pág. 5.

El Procurador General y el apelante han sometido sus respectivos alegatos.([4]) Resolvemos.

## II

El apelante no cuestiona la determinación del foro de instancia en cuanto a la infracción a la Sec. 3-301 de la Ley

---

([4]) Valga señalar que en su alegato el apelante no discute los señalamientos de error 2, 6 y 7, por lo que éstos se entienden renunciados. *Cf. Santos Green v. Cruz*, 100 D.P.R. 9 (1971).

de Vehículos y Tránsito de Puerto Rico, *supra* (conducir un vehículo de motor sin estar debidamente autorizado). Por lo tanto, la mencionada determinación, apoyándose en la prueba, debe ser confirmada.

El apelante centra su cuestionamiento en la querella que le imputa como falta la alegada violación al Art. 14(8) de la Ley para la Protección de la Propiedad Vehicular, *supra.*

En su primer señalamiento de error, y en la discusión de éste en su alegato, el apelante aduce, en síntesis, que lo imputado en la querella J-88-218 viola el principio de legalidad dispuesto en el Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031, ya que el Art. 14(8) de la Ley para la Protección de la Propiedad Vehicular, *supra*, no establece ni tipifica ningún delito, pues el mismo se limita a conceder al Estado la facultad de detener e inspeccionar un vehículo de motor al que ostensiblemente se le hayan colocado piezas de otro vehículo de diferente clase o marca, a fin de determinar el origen de éstas. Tiene razón.

El propio Procurador General concede que el Art. 14 de la Ley para la Protección de la Propiedad Vehicular, *supra*, no establece delito o falta de clase alguna. Una somera lectura suya bastará para advertir que el mencionado artículo no tipifica delito o falta alguna. El artículo dispone, en lo aquí pertinente:

*Detención, inspección y retención para investigar*

Se faculta a los agentes del orden público detener e inspeccionar y retener para investigación por el período de tiempo que razonablemente sea necesario, cualquier vehículo o pieza cuando ocurra una o más de las circunstancias que se mencionan a continuación:

(8) Cuando partes imprescindibles del vehículo que estén a vista abierta, incluyendo los asientos, no correspondan al vehículo en particular y el dueño o persona que tenga el control del vehículo no pueda explicar satisfactoriamente la procedencia de dichas partes.

Como acertadamente sostiene el apelante:

Esta disposición de Ley, de cuya violación se encontró incurso al apelante, todo cuando autoriza y faculta a los agentes del orden público es a detener en las vías públicas a todo vehículo cuyas características correspondan con las que en [ella] se describen, y ... [realizar], luego de la ocupación, aquellas investigaciones que fueren necesarias para determinar si las piezas cuya observación motivan la [detención] ocupación del vehículo, fueron obtenid[a]s ilegalmente. Dicho articulado no establece ni tipifica como delito conducta alguna. Se limita a conceder al Estado una facultad de [la] que hasta entonces carecían; la de detener sin confiscar y sin existir causa probable de la com[i]sión de un delito, un vehículo de motor para determinar el origen de las piezas en él colocadas. Alegato de la parte apelante, pág. 6.

Por lo tanto, ninguna persona puede ser encontrada incursa en delito o falta punible bajo las disposiciones del Art. 14 de la Ley para la Protección de la Propiedad Vehicular, *supra.*

Ahora bien, en su comparecencia ante nos el Hon. Procurador General nos señala que:

Propiamente la imputación que correspondía en relación a la Ley 8 era por artículo 15 y no por el 14, que como bien señala el apelante no establece delito o falta. No obstante, esta denominación errónea no justifica la revocación de la Resolución dictada. *Se trata de un error de forma que no afecta en lo sustancial la suficiencia de la querella en vista de que en el cuerpo de ésta se imputó correctamente la comisión de la falta proscrita en el artículo 15 de la Ley.* (Énfasis suplido.) Informe del Procurador General, pág. 7.

No tiene razón. El *Art. 15* de la Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3214) dispone:

*Violaciones — Comercio ilegal de vehículos y piezas; sanciones*
Toda persona que *posea, compre, reciba, almacene, oculte, transporte, retenga o disponga mediante venta, trueque o de otro modo algún vehículo motor o pieza de un vehículo de motor, a sabiendas de que fue obtenida mediante apropiación ilegal,* robo, extorsión o cualquier otra forma ilícita, será sancionada

con una pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes podrá ser reducida hasta un mínimo de cuatro (4) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión aquí establecida o ambas penas. (Énfasis suplido.)

Su mera lectura refleja que sus elementos constitutivos son: (*a*) la posesión, compra, recibo, almacenaje, ocultación, transportación y retención o (*b*) la disposición mediante venta, trueque o de otro modo de un vehículo de motor[5] o pieza de un vehículo de motor, y (*c*) todo *"a sabiendas"* de que fue obtenido mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita. Como se advertirá, *éste es un delito especial de intención específica*.

De acuerdo con el Art. 7(1) del Código Penal, 33 L.P.R.A. sec. 3022(1), el término *a sabiendas* "[i]mplica conocimiento personal. No requiere el conocimiento de la ilegalidad del acto u omisión".

En cuanto al elemento "a sabiendas de que fue obtenid[o] mediante apropiación ilegal" (9 L.P.R.A. sec. 3214), el Art. 16(1) y (3) de la Ley Núm. 8, *supra*, 9 L.P.R.A. sec. 3215(1) y (3), disponen en lo aquí pertinente, que se podrá inferir que el imputado tenía conocimiento personal de que el vehículo o pieza había sido adquirido de forma ilícita cuando ocurriera una o más de las circunstancias siguientes:

(1) El precio pagado por el automóvil o pieza sea tan irrisorio o las condiciones de pago sean tan ventajosas o en circunstancias tales, que el adquirente debió razonablemente concluir que se trataba de un bien obtenido de forma ilícita.

(3) Cuando el imputado no pueda mostrar prueba fehaciente

---

[5] El Art. 2(b) de la Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3201), define *vehículo de motor* como "todo vehículo movido por fuerza propia" que no caiga en ninguna de las excepciones de los ocho (8) subincisos allí especificados.

del precio pagado, cuándo y de quién adquirió el vehículo o pieza o cuándo la transacción se llevó a cabo.

Pero para que tales inferencias puedan considerarse en un caso específico, la denuncia o querella presentada contra el imputado tiene que imputarle el *elemento mental de "a sabiendas"*. Ello nos obliga a examinar la querella presentada contra el apelante.

La Regla 3.1(h) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, dispone que la querella tiene que contener una "Relación de los hechos constitutivos de la falta ...".

Dispone la Regla 3.2 del mismo cuerpo que:

*Regla 3.2 Alegaciones de la querella; interpretación; suficiencia*
*(a) La querella se redactará en lenguaje sencillo* y contendrá una exposición sucinta de los hechos constitutivos de la falta que se imputa al menor.
(b) Las palabras usadas en la querella se interpretarán en su acepción usual, con excepción de las palabras y frases definidas por las secs. 2201 *et seq.* de este título. *No se considerará insuficiente una querella por omisión de algún dato o por causa de algún defecto de forma que no perjudique los derechos sustantivos del menor.* (Énfasis suplido.) 34 L.P.R.A. Ap. I-A.

La querella en el Procedimiento Especial de la Ley de Menores de Puerto Rico cumple el mismo fin que la acusación o denuncia en el proceso penal ordinario.[6]

Reiteradamente hemos resuelto que en nuestro ordenamiento jurídico procesal penal la denuncia y eventual acusación tienen como propósito notificar a toda persona imputada de delito la naturaleza y causa por la cual será procesada. Art. II, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1;

---

[6] Por ello podemos acudir a las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para llenar las lagunas de las Reglas de Procedimiento para Asuntos de Menores. Siempre que las Reglas de Procedimiento Criminal no sean incompatibles con la naturaleza sui géneris del procedimiento de menores, se pueden aplicar sus disposiciones encaminadas a proteger las garantías constitucionales que aseguran al menor un trato justo y un debido proceso de ley. *R.A.M. v. Tribunal Superior,* 102 D.P.R. 270 (1974).

Reglas 5, 34 y 35(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. González Olivencia*, 116 D.P.R. 614, 617–618 (1985). Ello es así ya que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito imputado para que pueda preparar adecuadamente su defensa. *Pueblo v. Meléndez Cartagena*, 106 D.P.R. 338 (1977). Este requisito se cumple con una acusación o denuncia que incluya una exposición de los hechos esenciales constitutivos del delito redactada en lenguaje sencillo, claro y conciso para que pueda entenderla cualquier persona de inteligencia común. *Pueblo v. Flores Betancourt*, 124 D.P.R. 867 (1989). En esa empresa no se le exige al Ministerio Público ningún lenguaje estereotipado, técnico o talismánico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto. *Pueblo v. Calviño Cereijo*, 110 D.P.R. 691 (1981). Sólo se le exige que el contenido, no el epígrafe, de la acusación o denuncia exponga todos *los hechos constitutivos del tipo delictivo*.

Un examen de la querella J-88-218 demuestra que en ésta no se imputó al querellado el elemento mental de *a sabiendas* requerido en el Art. 15 de la Ley para la Protección de la Propiedad Vehicular, *supra*, para que la conducta imputada configurara una falta. La referida querella sólo imputa al querellado la posesión *ilegal, voluntaria* y *maliciosa* de unas piezas que no correspondían a las de su auto. "Ilegalmente" significa todo acto en contravención a alguna ley, reglamento u orden. Art. 7(17) del Código Penal, 33 L.P.R.A. sec. 3022(17). "Maliciosamente" denota "la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa y la consciente naturaleza del mismo". Art. 7(19) del Código Penal, 33 L.P.R.A. sec. 3022(19); véase *Pueblo v. Castañón Pérez*, 114 D.P.R. 532, 536 (1983), y "voluntariamente" "implica simplemente propósito o voluntad de cometer el acto, o de incurrir en la omisión a que se refiere". Art. 7(27) del Código Penal, 33 L.P.R.A. sec. 3022(27). Estos adjetivos no son sinónimos de "a sabiendas".

De suerte que esta querella J-88-218 no le imputó al menor que poseía las referidas piezas con conocimiento personal de que fueron obtenidas mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita. ¿Es ello un defecto de forma o uno substancial del pliego acusatorio?

Sabido es que los defectos de forma son aquellas imperfecciones u omisiones en el formato del pliego acusatorio que no afectan derechos substanciales del acusado y que no hacen insuficientes el pliego ni el proceso posterior. Regla 36 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Se trata de un defecto subsanable en cualquier momento. Regla 38(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; D. Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 2da ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1981, págs. 76–77. Ejemplo de ello es: la cita errónea en el cuerpo de la acusación en cuanto al artículo del Código Penal por el cual ha de responder el acusado, *Vizcarra Castellón v. El Pueblo*, 92 D.P.R. 156 (1965); la falta de especificación de la personalidad jurídica o natural de la persona a quien se le sustraen los bienes mediante apropiación ilegal, *Pueblo v. Díaz*, 60 D.P.R. 844 (1942), y el no especificar la naturaleza particular de la negligencia criminal, *El Pueblo v. Piñero*, 31 D.P.R. 1 (1922), entre otros.

La Regla 38(a) de Procedimiento Criminal, *supra*, dispone al respecto:

> Si la acusación, la denuncia o un escrito de especificaciones adolecieren de algún defecto, imperfección u omisión *de forma* aludido en la Regla 36, el tribunal podrá permitir en cualquier momento las enmiendas necesarias para subsanarlo. *En ausencia de enmienda, dicho defecto, imperfección u omisión se entenderá subsanado una vez rendido el veredicto del jurado o fallo del tribunal.* (Énfasis suplido.)

Los defectos substanciales, por el contrario, se refieren a los defectos sobre todos los hechos que son necesarios pro-

bar para hacer del acto imputado un delito o, lo que es lo mismo, la falta de uno (1) o más de los elementos constitutivos del delito imputado. Regla 38(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. González*, 97 D.P.R. 541, 543 (1969); Nevares-Muñiz, *op. cit.*, pág. 76. Cuando existe un defecto substancial, el pliego acusatorio es insuficiente, y de no ser subsanado antes de recaer el fallo o veredicto, hará nula la convicción.

La ausencia de imputar el elemento constitutivo de "a sabiendas" en la querella J-88-218, y su falta de subsanación durante todo el proceso, hacen nula la medida dispositiva del foro sentenciador en cuanto a dicha falta. Como se sabe, contrario al procedimiento civil, en el procedimiento criminal o en el sui géneris de la Ley de Menores de Puerto Rico, *la prueba no puede enmendar las alegaciones del Estado en tales circunstancias.* El debido proceso de ley a la cual es acreedor el menor imputado impide tal enmienda. *Mucho menos cuando ya el tribunal sentenciador dictó su medida dispositiva en cuanto a la referida falta.*

Como está redactada, la querella J-88-218 no imputa falta. Conforme al principio de legalidad, Art. 8 del Código Penal, *supra*, y su postulado de *nullum crimen sine praevia lege poenali* (no puede existir pena por una conducta que previamente no esté tipificada como delito por la ley) la medida dispositiva no puede subsistir.

Por los fundamentos expuestos *se modifica la sentencia apelada en el sentido de anular la medida dispositiva sobre la querella J-88-218. Así modificada, se confirma.*([7])

---

([7]) El resultado al que hemos llegado hace innecesario examinar y discutir el resto de los planteamientos del apelante.

Valga señalar que el hecho de que el menor pueda haber cumplido la medida dispositiva, no convierte este recurso en académico. El interés del menor en que dicha falta y medida dispositiva desaparezcan de su expediente es uno suficiente para hacer esta controversia justiciable. *Cf. Correa Negrón v. Pueblo*, 104 D.P.R. 286 (1975). Nótese que, de acuerdo con el Art. 37(d) de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2237(d), aunque dichos expedientes son confidenciales, *están sujetos*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García disintió con opinión escrita. El Juez Presidente Señor Andréu García concurrió sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

— O —

Opinión disidente del Juez Asociado Señor Negrón García.

I

El menor apelante R.F.C. fue encontrado incurso de la querella siguiente:

[E]l día 16 de febrero de 1988, a eso de la 1:00Pm., y en Estacionamiento del Centro Comercial Plaza Las Américas, Hato Rey, P.R., que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, *ilegal, voluntaria* y *maliciosamente, poseía* el auto Toyota 1.8, Tab. 01 B 912, color marrón, y el mismo tenía una parrilla de auto Volvo y tapicería en Tela de pana color crema la cual pertenece a otro vehículo, el que se desconoce su origen. (Énfasis suplido.) Apéndice 1, pág. 1.

---

a inspección, previa muestra de necesidad y permiso expreso del tribunal, por los funcionarios del Tribunal General de Justicia y otras personas para gestiones oficiales o estudios, trabajos, etc. Véase, además, Reglas 10.1–10.6 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

Adviértase, además, que la Regla 46(E) de Evidencia, 32 L.P.R.A. Ap. IV, permite que, en una causa criminal, el tribunal pueda admitir discrecionalmente evidencia de una determinación de falta en un procedimiento de menores, "cuando se ofrece contra un testigo que no sea el acusado, siempre que una convicción por el delito correspondiente hubier[e] sido admisible para impugnar la credibilidad de un adulto, y el tribunal consider[e] que la admisión es necesaria para una justa determinación en cuanto a la culpabilidad del acusado". Véase E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia*, San Juan, Pubs. J.T.S., 1978, Vol. 1, pág. 218. *Cf. United States v. Iron Shell*, 633 F.2d 77 (8vo Cir. 1980).

Por lo tanto, aun cuando la apelación aquí instada no interrumpió los efectos de la sentencia del juez sentenciador, 34 L.P.R.A. sec. 2236, los intereses en juego y las circunstancias en autos hacen esta controversia justiciable y no académica.

No se cuestiona seriamente que la prueba demostró incontrovertidamente esos hechos. Aun así, la mayoría revoca a base de que la querella adolecía del defecto de omitir las palabras "a sabiendas", elemento indispensable según el Art. 15 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3214).(1) Discrepamos.

## II

Aunque ciertamente en la querella no se transcribieron fielmente esas palabras, leída e interpretada racionalmente toda la querella, a la luz de la norma de hermenéutica establecida en la Regla 3.2 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A,(2) no cabe otra interpretación que concluir que la mencionada querella expuso cabalmente los hechos esenciales y elementos constitutivos de la falta comprendidos en los incisos (1) y (3) del referido Art. 15 de la Ley para la Protección de la Propiedad Vehicular, 9 L.P.R.A. sec. 3214(1) y (3).

Por definición del Código Penal, *a sabiendas* "implica conocimiento personal. No requiere el conocimiento de la ilegalidad del acto u omisión". 33 L.P.R.A. sec. 3022(1). *Ilegalmente* es "[t]odo acto en contravención de alguna ley, reglamento u orden"; *voluntariamente* aplica "a la inten-

---

(1) En lo pertinente, dispone:

"Toda persona que posea, compre, reciba, almacene, oculte, transporte, retenga o disponga mediante venta, trueque o de otro modo algún vehículo motor o pieza de un vehículo de motor, *a sabiendas* de que fue obtenida mediante apropiación ilegal, robo, extorsión o cualquier otra forma ilícita, será sancionada con una pena de reclusión por un término fijo de seis (6) años." (Énfasis suplido.)

(2) Dispone:

"(a) *La querella se redactará en lenguaje sencillo* y contendrá una exposición sucinta de los hechos constitutivos de la falta que se imputa al menor.

"(b) Las palabras usadas en la querella se interpretarán en su *acepción usual*, con excepción de las palabras y frases definidas por las secs. 2201 *et seq.* de este título. *No se considerará insuficiente una querella por omisión de algún dato o por causa de algún defecto de forma que no perjudique los derechos sustantivos del menor*." (Énfasis suplido.)

ción con que se ejecute un acto, o se incurre en una omisión, implica simplemente propósito o *voluntad* de cometer el acto, o de incurrir en la omisión a que se refiere" (énfasis suplido), y *maliciosamente* significa "la comisión de un acto dañoso, *intencionalmente*, sin justa causa o excusa y la *consciente naturaleza del mismo*". (Énfasis suplido.) Art. 7(17), (27) y (19) del Código Penal, 33 L.P.R.A. sec. 3022.

En buena lógica, el vocablo "voluntaria" conlleva una actuación por voluntad propia, espontánea. Y la palabra "intencionalmente" describe cualquier acto "[d]eliberado, de caso pensado, hecho *a sabiendas*". (Énfasis suplido.) *Diccionario de la Lengua Española*, 20ma ed., Madrid, Ed. Espasa-Calpe, 1984, T. II, pág. 780. Es claro, pues, que ambos términos versan y se refieren a una conducta conciente personal; por ende, la omisión en la querella de las palabras "a sabiendas" no tiene un alcance revocatorio.

Leída integralmente la querella —tanto para un lego como para un abogado— es evidente que ésta informó adecuadamente al menor R.F.C. que ilegal, voluntaria y maliciosamente, esto es, *conciente de la naturaleza criminosa de su acto* (no por error, inadvertencia o inocentemente), poseía una parrilla y tapicería distintas que no correspondían a las de su auto. Las palabras "ilegal, voluntaria y maliciosamente" comunicaron a cualquier persona de inteligencia común que el menor R.F.C. poseía esos artículos "a sabiendas". Aunque no literalmente, ese elemento —que lo hizo "a sabiendas"— esto es, con conocimiento, le fue diáfanamente expuesto. No hay forma en qué apoyar que hubo violación al debido proceso de ley.

El enfoque mayoritario ritualista se aparta de la norma de que una querella no tiene que reproducir *ad verbatim* la letra estatutaria.