TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos Carmelo de Jesús Alvarado c/p Carmelo Alvarado de Jesús, en adelante, el apelante, solicitando la revisión de una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante dicho dictamen, el tribunal a quo emitió fallo de culpabilidad contra el apelante por violación al Art. 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como “Ley para la Prevención e Intervención con la Violencia Doméstica”, 8 L.P.R.A. see. 631.
Por las razones que expondremos a continuación, se Revoca la Sentencia dictada.
*613 I
Conforme surge del recurso ante nuestra consideración, el Ministerio Público presentó denuncia contra el apelante por infracción al Art. 3.1 de la Ley Núm. 54, supra, por hechos acaecidos el 25 de julio de 1999.
Luego de varios incidentes procesales, que incluyeron una vista preliminar en alzada, el juicio fue celebrado durante los días 6 y 8 de diciembre de 2000, mediante tribunal de derecho, previa la renuncia del apelante a un juicio por jurado. De los testimonios vertidos se desprende que, en la fecha de los hechos, aproximadamente a las 6:00 de la madrugada el apelante comenzó a tocar violentamente la puerta de la residencia de su casa. Su esposa, Silvia, estaba acostada así como los hijos de la pareja. El apelante le gritaba a Silvia “que le abriera la puerta hija de la gran puta, cabrona, me voy a cagar en tu madre, voy a romper todo lo que hay ahí. Voy a romper to 'esto. ”
En el juicio, Silvia declaró que ante esta situación se sintió “bien ofendida, humillada y con mucho temor”. A pregunta del Ministerio Público de porqué se había sentido así, declaró que “si yo le abría, pues al entrar, pues se iba a, yo iba a discutirle, a decirle porqué había llegado a esa hora y todo eso entonces se iban a formar cosas peores como habían pasado anteriormente. ” Silvia no le abrió la puerta al apelante. Testificó que no “quise abrirle la puerta para evitar que él me agrediera o pasara cualquier otra cosa e inmediatamente llamé a la policía”. El apelante “se veía tomado” y estuvo gritando “malas palabras” hasta que llegó la policía. Silvia declaró que sabía que el apelante estaba tomado porque esa mima noche habían estado compartiendo en una boda familiar. Silvia había regresado a su residencia, pero el apelante se quedó en la fiesta y luego se fue a un negocio de extipendio de bebidas. Silvia testificó que a eso de las 2:00 o 3:00 de la mañana, ella había ido a dicho negocio. A Silvia le molestaba que el apelante fuera al mismo. Durante la vista preliminar en alzada, Silvia declaró que lo había visto allí “bebiendo y bailando con mujeres”. Asimismo, testificó que cuando el apelante salió fuera del local, ella le dijo que se tenía que ir de la casa. Declaró que “ahí a él le dio coraje y se enfogonó”, “él no me dijo las malas palabras en el negocio, pero cuando salimos del negocio, en el carro, pues me dijo malas palabras”. El apelante se bajó del carro y Silvia regresó a su casa. Ese incidente ocurrió “como a las 5:00 de la mañana". A las 6:00 de la mañana ocurrieron los hechos antes señalado.
Silvia declaró que en ocasiones anteriores el apelante la ha maltratado física y sicológicamente. “Me ha agredido, me ha hinchado, me ha cortado la nariz...aquí yo tuve que ir al hospital” testificó. Asimismo, atestiguó que “llega el momento que él bebe y yo me pongo bien nerviosa y sé lo que va a pasar... ”. A preguntas del fiscal señaló que el apelante le “había hablado así, en muchas ocasiones”, “cabrona, hija de la gran puta, etc...me cago en tu madre...las mismas siempre cuando se enoja dice esas malas palabras”. Preguntó el fiscal “Y esa conducta hacía usted ¿cómo le había hecho sentir anteriormente?” Silvia testificó que bien mal.
El apelante fue declarado culpable del cargo imputado. Así las cosas, el Tribunal de Primera Instancia suspendió los procedimientos en contra del apelante a tenor con lo dispuesto en el Art. 3.6 de la Ley Núm. 54, supra, 8 L.P.R.A. sec. 636, precepto que establece un programa de desvío. A tales efectos, el tribunal a quo sometió al apelante a una libertad a prueba por el término de dieciocho (18) meses.
Insatisfecho, el apelante presentó reconsideración la cual fue denegada por el Tribunal de Primera Instancia.
Inconforme con dicha determinación, el 25 de marzo de 2001, el apelante acude a esta Curia. Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.
II
En su escrito, el apelante alega que incidió el Tribunal de Primera Instancia al emitir fallo de culpabilidad por el delito tipificado en el Art. 3.1 de la Ley Núm. 54, supra, sin que el pliego acusatorio imputara un elemento esencial del delito; y encontrarlo culpable en virtud de una prueba de cargo que no estableció su culpabilidad más allá de culpa razonable.
*614 Ill
Es doctrina reiterada en nuestro ordenamiento jurídico procesal penal que la denuncia y eventual acusación tiene como propósito notificar, a toda persona imputada de delito, la naturaleza y causa por la cual será procesada. Art. II, Sec. 11 de la Constitución de Puerto Rico, 1 L.P.R.A. Ap. II, Pueblo v. Gonzalez Olivencia, 116 D.P.R. 614, 617-618 (1985). Ello es así, debido a que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito que se le imputa para que pueda preparar adecuadamente su defensa. Pueblo v. Meléndez Cartagena, 106 D.P.R. 338 (1977).
El requisito antes mencionado se cumple con una acusación o denuncia que incluya una exposición de los hechos esenciales constitutivos del delito redactada en lenguaje sencillo, claro y conciso, para que pueda entenderla cualquier persona de inteligencia común. Pueblo v. Flores Betancourt, 124 D.P.R. 867 (1989). En esa empresa no se le exige al Ministerio Público ningún lenguaje estereotipado, técnico o talismánico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto. Pueblo v. Calvino Cereijo, 110 D.P.R. 691 (1981). Sólo se exige que el contenido, no el epígrafe de la acusación o denuncia, exponga todos los hechos constitutivos del tipo delictivo. Pueblo v. Saliva Valentín, 130 D.P.R. 767 (1992).
Si la denuncia y eventual acusación no contiene todos los elementos del delito, decimos que la misma adolece de un defecto sustancial. Los defectos sustanciales se refieren a todos los hechos que son necesarios probar para hacer del acto imputado un delito. Cuando hay un error sustancial, el pliego acusatorio es insuficiente, y de no ser subsanado antes de recaer el fallo o veredicto, hará nula la convicción. Pueblo v. Saliva Valentín, supra; Pueblo en interés del menor R.F.C., 130 D.P.R. 100 (1992).
Por ende, es necesario que el fiscal solicite la enmienda oportunamente, es decir, antes del fallo o veredicto, en cuyo caso el tribunal debe concederla. Concedida la misma, deberá evaluarse las consecuencias de la enmienda, las cuales dependerán en su mayoría del momento en que se solicite la misma. Si la enmienda a la acusación se solicita antes de comenzado el juicio, se leerá nuevamente la acusación según enmendada. No es necesario celebrar la vista preliminar nuevamente. Pueblo v. Vélez Pumarejo, 113 D.P.R. 349 (1982). Si la enmienda se hace una vez iniciado el juicio, el tribunal determinará de la totalidad de las circunstancias si se lesionan los derechos fundamentales del acusado, en cuyo caso el tribunal tomará las medidas necesarias para proteger los derechos del acusado. Ríos Mora v. Tribunal Superior, 95 D.P.R. 117 (1967). Véase, además, Dora Nevares-Muñiz, Sumario de Derecho Procesal Puertorriqueño, Instituto para el Desarrollo del Derecho, Inc., 5ta Ed., 1999, p. 116-117.
Ahora bien, recalcamos que cuando el pliego acusatorio es insuficiente y no es subsanado el defecto antes de recaer el fallo o veredicto, la convicción es nula. Pueblo v. Gonzalez Olivencia, supra; Pueblo en interés del menor R.F.C., 130 D.P.R. 100 (1992); Pueblo v. Saliva Valentín, supra. Lo anterior responde a que el derecho procesal penal, contrario al procedimiento civil, la prueba no puede enmendar las alegaciones. No obstante, ello no impedirá que la persona sea procesada nuevamente, ahora bajo un pliego acusatorio válido, si el delito no ha prescrito.
No debe confundirse la norma sobre enmiendas al pliego acusatorio por insuficiencia del mismo (Regla 38 (a) y (b) de las de Procedimiento Criminal, supra) con la que regula las incongruencias entre las alegaciones y la prueba (Regla 38(c), supra). El ordenamiento procesal penal permite que se enmiende la acusación para conformar la misma con la prueba de cargo presentada. En este caso se tata de un pliego acusatorio válido, pero es necesario enmendarlo porque la prueba está en desacuerdo con lo alegado. Cuando hay incongruencias entre las alegaciones y la prueba, la enmienda deberá solicitarse antes del fallo o veredicto y los efectos de la misma dependerán del tipo de incongruencia. La incongruencia o desacuerdo entre las alegaciones y la prueba no serán fundamento para la absolución del acusado; pero el tribunal, siempre que el acusado no se opusiere, deberá posponer el juicio si es de opinión que los derechos sustanciales del acusado se han perjudicado, para celebrarlo ante otro jurado o ante el mismo tribunal si el juicio no fuere por jurado, y según el tribunal determinare. Sin *615 embargo, si la incongruencia es de tal grado que la prueba estableciera un delito distinto no incluido, se archivara el caso y se sobreseerá el proceso. Id. Véase, Pueblo v. Cancel Peraza, 106 D.P.R. 28 (1977), Pueblo v. Santiago Cedeño, 106 D.P.R. 663 (1977). Véase además, Dora Nevares-Muñiz, supra.
IV
Dentro del marco jurídico antes enunciado, procedamos a resolver la controversia de autos.
En su escrito, el apelante nos plantea que una simple lectura del pliego acusatorio revela que el Ministerio Público no alegó la relación existente entre el apelante y la señora Silvia Alvarez, elemento esencial para que se configure el delito al amparo de la Ley Núm. 54, supra. Le asiste la razón al apelante. Veamos.
El Art. 3.1 de la Ley Núm. 54, supra, dispone:

“Toda persona que empleare fuerza física o violencia psicológica, intimidación o persecución en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, para causarle daño físico a la persona, a los. bienes apreciados por ésta, excepto aquéllos que pertenecen privativamente al ofensor, o ala persona de otro o para causarle grave daño emocional,, será sancionada con pena de reclusión por un término fijo de doce (12) meses, excepto que de mediar circunstancias atenuantes se podrá reducir a un término no menor de nueve (9) meses y de mediar circunstancias agravantes podrá aumentarse hasta dieciocho (18) meses.”

8 L.P.R.A. see. 631.
Al analizar la disposición citada, encontramos que los elementos del delito de maltrato bajo el palio de la Ley Núm. 54, supra, son: (1) empleo de fuerza física o violencia psicológica, intimidación o persecución; (2) contra una persona que haya sido cónyuge del agresor o agresora, o con quien haya convivido, sostenido una relación consensual, o procreado hijos; y (3) que la fuerza o violencia se haya efectuado para causar daño físico a esa persona o sus bienes o para causarle grave daño emocional. Pueblo v. Ríos Alonso,_D.P.R._ (2002), 2002 JTS 41; Pueblo v. Figueroa Santana, 154 D.P.R._(2001); 2001 JTS 115.
Por su parte, el pliego acusatorio en controversia lee:

“El referido acusado Carmelo Vázquez Medina, allá en o para el día 25 de julio de 1999, en Ponce, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior, Sala de Ponce, ilegal, voluntaria, maliciosa y criminalmente, empleó maltrato sicológico contra el ser humano, Silvia Alvarez Delgado, de la siguiente manera: Al gritarle hija de la puta, cabrona, me cago en tu madre, tengo ganas de romper todo esto. Sintiendo ésta temor de ser agredida como en ocasiones anteriores, además de sentirse humillada. ”

Una lectura de la acusación refleja de manera meridiana que la misma es insuficiente para sostener el fallo. Como bien expone el apelante, la acusación no imputa el elemento de que la víctima del delito sea la persona de su cónyuge, ex-cónyuge o con quien haya convivido, sostenido una relación consensual, o procreado hijos. En su consecuencia, el Ministerio Público debió oportunamente solicitar la enmienda del pliego acusatorio conforme a lo dispuesto en la Regla 38(b) de las de Procedimiento Criminal, supra. Es decir, antes de dictado el fallo o veredicto.
La ausencia de un elemento constitutivo del delito imputado hace nula la medida dispositiva del foro sentenciador en cuanto a dicho delito. Como se sabe, contrario al procedimiento civil, en el procedimiento criminal la prueba no puede enmendar las alegaciones del Estado en tales circunstancias. El debido proceso de ley impide tal enmienda en esta etapa de los procedimientos cuando ya el tribunal a quo dictó sentencia en *616 cuanto al referido delito. Pueblo v. González Olivencia, supra.
Por otro lado, el Procurador General, en su comparecencia, concurre con la posición del apelante. No obstante, solicita devolvamos el caso al Tribunal de Primera Instancia para que dicho foro declare culpable al apelante por un delito menor incluido- como lo sería, a su entender, el delito de alteración a la paz-, conforme lo resuelto en Pueblo v. Rivera Ortiz, 150 D.P.R._(2000), 2000 JTS 52.
Hemos evaluado el mencionado caso, a la luz de los hechos de autos, y somos de opinión que el mismo no es de aplicación. En Pueblo v. Rivera Ortiz, supra, al acusado se le imputó la comisión del delito de actos lascivos en la modalidad del inciso (b) -bajo amenaza de grave daño corporal. Se le celebró juicio por jurado, en el cual, luego de presentada la prueba de cargo, la representación legal del acusado presentó una solicitud de absolución perentoria, amparándose en el hecho de que no se había presentado prueba sobre el elemento de amenaza de grave daño corporal, uno de los elementos del delito imputado. Una vez desfilada la prueba, se instruyó al jurado respecto a los posibles veredictos, a saber, por el delito imputado de actos lascivos y por el delito menor incluido de agresión agravada. El jurado rindió veredicto por unanimidad de culpabilidad por el delito imputado. La defensa reprodujo su solicitud de absolución perentoria, a lo cual el Ministerio Público se opuso alegando, entre otros extremos, que en ausencia de prueba suficiente sobre el delito de actos lascivos, la magistrado de instancia debía hallarlo culpable por el delito menor incluido de agresión agravada. Así las cosas, la magistrado de instancia determinó que la prueba desfilada no había sido suficiente en derecho por no haberse presentado evidencia de que hubiera mediado amenaza de grave daño corporal.
El Tribunal Supremo determinó que, ante los hechos reseñados, el juez tenía facultad para determinar la culpabilidad del acusado por un delito menor incluido, cuando dicho acusado solicitaba la absolución perentoria luego del jurado haber rendido un veredicto de culpabilidad por el delito imputado.
Comencemos señalando que en dicho caso se trataba de un pliego acusatorio correcto, sin defecto alguno, el cual imputaba adecuadamente el delito de actos lascivos. Sin embargo, durante el juicio, no se presentó prueba de uno de los elementos del delito. A su vez, al impartirle las instmcciones al jurado, se les señaló los posibles veredictos, a saber, por el delito imputado de actos lascivos o por el delito menor incluido de agresión agravada.
En el caso de autos, estamos frente a un pliego acusatorio defectuoso, el cual no fue enmendado conforme el ordenamiento procesal vigente. Cuando el pliego acusatorio es insuficiente y no es subsanado el defecto antes de recaer el fallo o veredicto, la convicción es nula. Pueblo v. Gonzalez Olivencia, supra; Pueblo en interés del menor R.F.C., supra.
Por otro lado, en Pueblo v. Rivera Ortiz, supra, se trataba de una solicitud de absolución perentoria para dejar sin efecto el veredicto de un jurado. Esta no es la situación de autos.
Por último, y para efectos de argumentación, no está claro que el delito de alteración a la paz sea un delito menor incluido en el delito de maltrato tipificado en el Art. 3.1 de la Ley Núm. 54, supra.
En conclusión, la Sentencia dictada en el caso de marras no puede prevalecer.
V
Por los fundamentos expresados, se Revoca la Sentencia apelada.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida I. Oquendo Graulau Secretaria General