Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL L. ROQUE RIVERA<br><br>Peticionario | TA2026CE00097 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Crim. núm.: GOP2025G0012-13<br><br>Por: Art. 245CP, Art. 246A CP; Ley 22 Art. 7.02; Ley 22 Art. 3.23 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de enero de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de desestimación de unas denuncias penales por utilizar violencia para obligar a un funcionario público a omitir un acto propio de su cargo. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos intervenir con la decisión recurrida, pues, contrario a lo planteado por el peticionario, no es necesario, para que se configure el delito imputado, que este lograra impedir que el agente lo arrestase.

I.

Por hechos ocurridos el 15 de abril de 2025, contra el Sr. Ángel Luis Roque Rivera (el "Imputado") se presentaron varias denuncias. Se le imputaron dos violaciones a la Ley 22-2000 y, además, haber infringido el Artículo 246(A) del Código Penal (33 LPRA sec. 5336). Ello en conexión con una intervención de tránsito; se alegó que el Imputado conducía un vehículo de motor sin licencia y bajo los efectos de bebidas embriagantes.

Además, en lo pertinente, se le denunció por dos violaciones al Artículo 245 del Código Penal, 33 LRA sec. 5335; al respecto, se alegó que el Imputado "usó violencia y/o intimidación ... para obligar [a un agente de la Policía] a ... omitir algún acto propio de su cargo"; entiéndase, se alegó que el Imputado, cuando un agente de la Policía intentó colocarle las esposas, "se zafa abruptamente y le da con la mano derecha un empujón [a] la mano izquierda" del agente. En cuanto al otro cargo por violación a esta disposición, se alegó que el Imputado, cuando un agente de la Policía intentó "ponerle las restricciones mecánicas ... para someterlo a un análisis [sobre] concentración de alcohol en la sangre", "le da con la mano derecha al antebrazo izquierdo del [agente] en dos ocasiones".

El Imputado indica que, luego de la vista preliminar, se encontró causa en cuanto a todos los cargos.

No obstante, a raíz de una moción de desestimación de la defensa, el 18 de agosto, el TPI desestimó las dos acusaciones por violación al Artículo 245, *supra.*

Inconforme, el Ministerio Público solicitó la celebración de una vista preliminar en alzada en conexión con esos dos cargos. Celebrada la misma el 14 de noviembre, el tribunal encontró causa para acusar en ambos cargos.

El 17 de diciembre, el Imputado presentó una *Moción de Desestimación* (la "Moción"). Arguyó que esas dos acusaciones no imputaban delito, y que hubo ausencia total de prueba al respecto, porque el Artículo 245, *supra,* requiere que, a raíz de la "violencia o intimidación" empleada, se "obten[ga] el resultado buscado". Como, en este caso, no se alegó que la conducta del Imputado produjese como resultado que no se le pudo arrestar, el Imputado sostuvo que no se había configurado el delito tipificado en el Artículo 245, *supra.* Por todo lo anterior, solicitó la desestimación bajo las Reglas 64(a) y 64(p) de las de Procedimiento Criminal. 34 LPRA Ap. II R. 64.

El 13 de enero, el TPI notificó una Resolución mediante la cual denegó la Moción.  El TPI razonó que las acusaciones "describen de forma concreta y suficiente que el imputado empleó violencia física contra agentes del orden público mientras estos se encontraban en el desempeño de sus funciones, con el propósito de obligarlos a omitir un acto propio de su cargo, específicamente su arresto".  El TPI concluyó que era suficiente que la violencia "se utilice con el propósito de obligar al funcionario a llevar a cabo u omitir un acto propio de su cargo", sin que sea "necesario que el funcionario efectivamente omita la conducta requerida".

Inconforme, el 23 de enero, el Imputado presentó el recurso que nos ocupa, junto con una moción en auxilio de jurisdicción que denegamos ese mismo día.  Insiste en que el Artículo 245, *supra*, requiere que la conducta violenta "tenga como resultado obligar al funcionario público a actuar u omitir…".  Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).  Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari*.  Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

III.

La Regla 64(p), *supra*, permite a la defensa solicitar la desestimación de una acusación porque la determinación de causa probable no se hizo "con arreglo a la ley y a derecho". 34 LPRA Ap. II, R. 64(p). Le corresponde al acusado persuadir al tribunal de que la determinación de causa probable no fue conforme a derecho. *Pueblo v. Negrón Nazario*, 191 DPR 720 (2014). La determinación de causa probable goza de una presunción de corrección. *Pueblo v. Andaluz Méndez*, 143 DPR 656, 664 (1997); *Pueblo v. Rodríguez Aponte*, 116 DPR 653, 664 (1985); *Rabell Martínez v. Tribunal*, 101 DPR 796, 799 (1973).

El propósito de la vista preliminar es evitar someter a juicio a una persona cuando el Estado ha fallado en demostrar que cuenta con suficiente prueba, admisible en juicio, para justificar someter al imputado a los rigores de un juicio. *Negrón Nazario, supra; Pueblo v. Rivera Cuevas*, 181 DPR 699 (2011); *Pueblo v. Ortiz*, 149 DPR 363, 374-75 (1999); *Rodríguez Aponte*, 116 DPR a las págs. 663-65.

Se pretende, así pues, "evitar que se someta a un ciudadano arbitraria e injustificadamente a los rigores de un proceso criminal". *Íd* a la pág. 663. Su función se limita a "averiguar si en efecto el Estado tiene adecuada justificación para continuar con un proceso

judicial." *Íd* a la pág. 664. Para cumplir con dicho fin, es suficiente que el Pueblo presente una *scintilla* de prueba que establezca *prima facie* que se cometió un delito y la conexión del imputado con éste. *Negrón Nazario, supra; Rivera Cuevas,* 181 DPR a la pág. 706.

Así pues, el propósito de la vista preliminar es limitado. No se trata de un mini-juicio, ni viene el fiscal obligado a presentar toda la prueba de la que dispone. *Rodríguez Aponte,* 116 DPR a las págs. 663-64. La prueba tampoco tiene que demostrar la culpabilidad del imputado más allá de toda duda razonable. *Hernández Ortega v. Tribunal,* 102 DPR 765, 769 (1974).

De conformidad con lo anterior, para prevalecer en cuanto a una moción bajo la Regla 64(p), *supra,* **la defensa tiene que demostrar que, en la determinación de causa probable, medió una** **ausencia total de prueba** admisible para sostener la determinación de causa. *Andaluz Méndez,* 143 DPR a la pág. 662; *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 690-691 (1994); *Vázquez Rosado v. Tribunal Superior,* 100 DPR 592, 594 (1972).

Por su parte, un imputado puede solicitar la desestimación de una denuncia o acusación cuando la misma no impute delito. Regla 64(a) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(a). El Estado tiene el deber de informar de forma adecuada a todo acusado, acerca de la naturaleza, extensión y consecuencias del delito por el cual se le acusa. *Pueblo v. Pagán Rojas,* 187 DPR 465, 480 (2012); *Pueblo v. Montero Luciano,* 169 DPR 360 (2006).

Para cumplir con dicha obligación de notificación, el Ministerio Público cuenta con el mecanismo de la acusación o denuncia (pliego acusatorio), la cual tiene que ser entregada al acusado. *Pagán Rojas,* 187 DPR a la pág. 480; *Pueblo v. Vélez Rodríguez,* 186 DPR 621 (2012). Según dispone la Regla 34 de Procedimiento Criminal, 34 LPRA Ap. II., R. 34, la acusación es la "alegación escrita hecha por un fiscal al Tribunal de Primera

Instancia en la cual se imputa a una persona la comisión de un delito". *Pagán Rojas*, 187 DPR a la pág. 481.

El propósito de la acusación "no es cumplir mecánicamente con una forma ritual, sino informar al acusado el delito que se le imputa, de tal suerte que pueda preparar adecuadamente su defensa". *Pagán Rojas*, 187 DPR a la pág. 481 (citando *Pueblo v. Meléndez Cartagena*, 106 DPR 338, 341 (1977)). La acusación permite al acusado preparar adecuadamente su defensa, conforme con los hechos que allí se le imputan. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Ríos Alonso*, 156 DPR 428 (2002).

Aun cuando ha sido reiterado que no existe una manera específica de redactar la acusación o denuncia, es esencial que constituya una notificación adecuada y completa del delito imputado. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Calviño Cereijo*, 110 DPR 691 (1981). De esta forma, el pliego acusatorio tiene que exponer todos los hechos que forman parte del tipo delictivo. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Saliva Valentín*, 130 DPR 767 (1992). La exposición de los hechos esenciales constitutivos del delito debe estar redactada en lenguaje sencillo, claro y conciso, para que pueda entenderla cualquier persona de inteligencia común. *Pueblo v. Flores Betancourt*, 124 DPR 867 (1989).

Ahora bien, si el pliego acusatorio no contiene todos los elementos del delito, este adolece de un defecto sustancial. Un defecto sustancial es aquel que afecta los derechos sustanciales del acusado, bien porque le impide prepararse adecuadamente para su defensa o porque, sencillamente, implica una insuficiencia del pliego acusatorio. En esta determinación, son materia sustancial todos los hechos que necesariamente deben ser probados para hacer del acto un delito. Véase *Pueblo v. Pérez Feliciano*, 183 DPR 1003, 1012 (2011) y casos allí citados. De existir un defecto sustancial, el pliego

acusatorio resulta insuficiente. Cuando el pliego acusatorio es insuficiente y el defecto no es subsanado antes de recaer el fallo o veredicto, la convicción es nula. *Pueblo v. González Olivencia*, 116 DPR 614 (1985); *Pueblo en interés del menor R.F.C.*, 130 DPR 100 (1992); *Saliva Valentín, supra.* Lo anterior responde a que, en el derecho procesal penal, contrario al procedimiento civil, la prueba no puede enmendar las alegaciones.

IV.

En el ejercicio de nuestra discreción, declinamos intervenir con la decisión recurrida.

Concluimos, como cuestión de derecho, y de conformidad con lo actuado por el TPI, que no tiene mérito la Moción. El texto del Artículo 245, *supra*, es incompatible con la teoría del Imputado. Esta disposición únicamente requiere que una persona (i) "use violencia o intimidación", (ii) "contra un funcionario o empleado público", (iii) "**para obligarlo** a llevar a cabo u omitir algún acto propio de su cargo o a realizar uno contrario a sus deberes oficiales". 33 LPRA sec. 5335 (énfasis suplido). La frase "para obligarlo" se refiere al propósito o fin que debe tener el imputado al usar violencia contra un funcionario público. Nada en el texto requiere, para que se configure el delito, que, además de emplear violencia con el referido fin, dicha violencia logre el resultado deseado.

Contrario a lo planteado por el Imputado, lo dispuesto en el Artículo 245, *supra*, es distinguible de la conducta prohibida por el Artículo 246(a) y (e), *supra*. Ello porque la conducta en esta última disposición no requiere necesariamente violencia o intimidación.

Finalmente, tampoco es correcto lo planteado por el Imputado a los efectos de que, de no adoptarse su teoría, el Artículo 245, *supra*, no admitiría tentativa. La tentativa sí sería posible en el caso de que una persona intente usar violencia contra un funcionario para obligarlo a omitir un acto de su cargo, pero, por razones ajenas

a su voluntad, no la use. Por ejemplo, una persona podría intentar dispararle a un funcionario pero, porque el arma no está cargada o la misma tuvo algún desperfecto, el disparo no se produce. En cualquier caso, el Imputado no sustenta su errada premisa a los efectos de que el legislador de algún modo estaría impedido de crear un delito para el cual no exista la tentativa.

V.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones