EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN FLORES VALENTÍN y NAHÚM ALICEA, acusados y apelantes.

*Número:* CR-62-234      *Resuelto:* 28 de junio de 1963

914

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Juan Flores Valentín y Nahúm Alicea fueron acusados de tentativa de incendio malicioso en segundo grado. Se alega que intentaron incendiar el edificio donde estaba localizado un supermercado propiedad del segundo de los acusados.

Cuatro errores señalan los apelantes:

1. "El Tribunal Superior erró al negarse a ver separadamente de la prueba del caso la prueba que había para sostener la moción interesando la supresión de evidencia.

2. "El tribunal erró al admitir prueba de referencia en oposición a la moción de los acusados en que interesaban la supresión de evidencia.

3. "El Tribunal Superior erró al negarse a conceder a los acusados juicio por separado.

4. "El Tribunal Superior erró al permitir que fuera ante la consideración del jurado una admisión de uno de los acusados que llegó a oídos del jurado como prueba de triple referencia."

■ No constituyó error el negarse a ver separadamente la moción sobre supresión de evidencia. En muchas ocasiones la prueba del fiscal en oposición a las pretensiones de la defensa es la misma que tiene para sostener la acusación y el juez recibe la prueba durante la vista del caso en su fondo. Normalmente no constituye perjuicio para el acusado. Ver *DiBella* v. *United States*, 369 U.S. 121 (1962).

■ La prueba aducida estableció que un miembro de la policía recibió una llamada confidencial desde un pueblo de la Isla. Esa llamada la hizo un oficial de la fuerza quien informó

que tenía confidencias de que por la noche del día en que se comunicaron se iba a incendiar el edificio donde estaba situado el Supermercado Nahúm. El agente que recibió la llamada en unión de otros llegó al referido local y como a las dos de la madrugada observaron que una de las puertas estaba entreabierta, y "que estaba partida por el medio del centro hacia arriba o más de la mitad y tenía perforaciones como hechas con un taladro y al llegar pude notar. . ." que había un fuerte olor a gasolina. Además vieron a una persona dentro del local. Todo este cuadro sospechoso unido a la confidencia recibida fue el motivo que tuvo el agente para penetrar en el local. Arrestaron a la persona que estaba adentro. Era Juan Flores Valentín uno de los acusados. Ciertamente había motivos razonables para su arresto. "El que esta información constituya prueba de referencia no destruye su validez para determinar causa probable. [cita] En *Draper* v. *United States*, 358 U.S. 307 (1959) sostuvimos que la información recibida de un informante confiable, corroborada por las observaciones del agente respecto a la exactitud de la descripción del acusado ofrecida por el informante y de la presencia de éste en un sitio específico, era suficiente para establecer causa probable para un arresto sin mandamiento". *Ker* v. *State of California*, 374 U.S. 23 (1963), 31 L.W. 4611, 4615.

El caso ante nos presenta una situacion parecida. Hay una confidencia de que se va a tratar de incendiar un edificio. Se encuentra una puerta entreabierta, se percibe un fuerte olor a gasolina que sale de dentro del supercolmado. Hay causa probable para arrestar la persona que a las dos de la mañana estaba en esas circunstancias en ese sitio. Y obviamente es legal el registro efectuado.

▮ El coacusado, dueño del colmado hizo una confesión extrajudicial. En ella implicaba al otro acusado. Este último solicitó juicio por separado. Se le negó. En apelación ambos señalan como error la negativa a conceder el juicio por separado. Sólo el acusado Valentín Flores podía quejarse, pues

sólo hubo la confesión del otro acusado y a él era al único que podía causar perjuicio el que se viera conjuntamente el juicio. Pero examinada la evidencia que tuvo ante sí el jurado, no se le causó. Aparte de la confesión del coacusado, el resto de la prueba conecta directamente a Flores Valentín con el delito por el cual se le acusa. Fue sorprendido dentro del local que se intentaba incendiar con los artefactos necesarios para cometer el acto. Parece conveniente recordar aquí lo que dijimos en *Pueblo* v. *Cruz Jiménez*, 87 D.P.R. 133 (1963) en situación parecida. Aquí hemos hecho lo mismo que en *Cruz Jiménez*, y por eso repetimos lo que allí dijimos:

"Ahora, resolviendo el caso que tenemos ante nos, habremos de atenernos a la situación normativa prevaleciente cuando la Sala sentenciadora negó el juicio por separado y negó el nuevo juicio. Habremos, por lo tanto, de examinar el récord para ver si las circunstancias fueron tales que la admisión de las confesiones de otros dos acusados que incriminaban a Otriz Verdejo privaron a éste de un juicio imparcial y justo, no obstante las instrucciones al jurado. Hay que decir que la Sala sentenciadora demostró un encomiable celo en dichas instrucciones, que repitió una y otra vez en todas las ocasiones oportunas al efecto de que nada de lo dicho en esas confesiones podría ser usado por el jurado en contra de este otro coacusado. Si tuviéramos la más leve duda que este acusado no tuvo un juicio justo por tal razón, revocaríamos y le ordenaríamos un juicio a él. Pero no la tenemos a la luz de todas las circunstancias tenidas en cuenta. Hubo prueba, de un testigo ocular, convincente para cualquier jurado, sobre la participación directa de Ortiz Verdejo en la perpetración de la muerte. La prueba de cargo fue breve, sencilla, sin complicaciones que pudieran ofuscar al jurado. Los dos acusados que confesaron no presentaron prueba alguna, y Ortiz Verdejo se defendió a base de una prueba de coartada no muy convincente, por cierto, que indudablemente el jurado tenía base para no creer. Cf. *Delli Paoli* v. *United States*, antes citado; *United States* v. *Gottfried*, 165 F.2d 360 (C.A.2) [pág. 367]. En cuanto a este coacusado, único que pidió se le juzgara separadamente, no hay razón para revocar la sentencia por ese fundamento ni tampoco en cuanto a los otros que no hicieron tal solicitud."

En el presente caso el juez instruyó al jurado enfáticamente sobre el hecho de que no debería considerar en contra de Flores Valentín lo que confesó el otro acusado.

El cuarto.error es una reproducción del segundo por lo que no amerita discusión. De todas formas, lo que el apelante califica de admisión, obviamente no lo es.

*Se confirmará la sentencia apelada.*