| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>FERNANDO LUIS DELGADO RODRÍGUEZ<br><br>Acusado - Peticionario | KLCE202300183 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Crim. núm.: HSCR202200500 y HSCR202200392<br><br>Por: Art. 4 B-4 Ley 284 y Art. 177 CP |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2023.

En un caso penal de acecho, ocurrido mientras estaba vigente una orden de protección al respecto, el Tribunal de Primera Instancia ("TPI") denegó desestimar la acusación por supuesta violación a los términos de juicio rápido y por supuesta insuficiencia de la acusación para imputar delito. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos intervenir con las decisiones recurridas.

I.

El **21 de agosto** de 2022, se presentó una denuncia contra el Sr. Fernando Luis Delgado Rodríguez (el "Imputado") por violación al Artículo 4(b)(4) de la Ley 284-1999 ("Ley de Acecho"), 33 LPRA sec. 4014(b)(4). Se le imputó que, mientras estaba vigente una orden de protección bajo la Ley de Acecho, expedida a favor de la Sa. Angélica Ruiz Díaz (la "Víctima"), este le "manifestó lo siguiente: Te vas a tener que ir pendeja con el cabrón mamabicho de tu esposo se van a tener que ir de la casa canto de cabrones; ustedes no se van

a salir con la suya". Ese día, se citó al Imputado para la celebración el **8 de septiembre** de la correspondiente vista preliminar.

No obstante, el 6 de septiembre, a través de su abogado, el Imputado solicitó la "recalendarización" del señalamiento de vista preliminar, por un "conflicto de calendario".

El **19 de octubre** se celebró la vista preliminar; el TPI determinó causa probable para acusar por el delito al que hemos hecho referencia. El **3 de noviembre** se presentó la acusación.

A mediados de noviembre, el Imputado presentó dos mociones (las "Mociones"). En una de ellas, planteó que el delito de acecho, en la modalidad grave imputada, requería un patrón de conducta y, sin embargo, la acusación solo hacía referencia a un incidente. Por tanto, arguyó que la acusación no imputaba delito y debía ser desestimada. En la otra moción, sostuvo que la acusación se presentó fuera del término de juicio rápido porque el mismo comenzó a transcurrir cuando se presentó la denuncia (el 21 de agosto).

El Ministerio Público se opuso a las Mociones. Expuso que los "recientes actos" del Imputado "configuran hechos suficientes para establecer un patrón constante o repetitivo de conducta de acecho". En cuanto al asunto de juicio rápido, sostuvo que, al presentarse la acusación (3 de noviembre), no había vencido el término de juicio rápido, pues este comenzó a decursar nuevamente el 8 de septiembre, a raíz de la defensa haber solicitado la suspensión del señalamiento de vista preliminar para ese día.

Mediante unas órdenes notificadas el 7 de febrero, el TPI denegó las Mociones.

El 27 de febrero, el Imputado presentó el recurso que nos ocupa, junto con una moción en auxilio de jurisdicción, la cual denegamos ese mismo día. A través del recurso, el Imputado reproduce lo planteado al TPI en las Mociones. Disponemos.

## II.

El derecho a juicio rápido, protegido por la Sexta Enmienda de la Constitución Federal y por el Artículo II, Sección 11 de la Constitución del E.L.A., "se activa desde el momento en que el imputado está sujeto a responder (*held to answer*)". *Pueblo v. Carrión*, 159 DPR 633, 640 (2003). En el ámbito estatutario, el derecho a juicio rápido está reglamentado por la Regla 64(n) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n). Esta regla dispone que no hay violación al derecho a juicio rápido si existe justa causa para la demora **o si la misma ha sido consentida por la defensa** o solicitada por el propio imputado.

El "derecho a juicio rápido requiere que el tribunal tome en consideración las circunstancias específicas que rodean el reclamo del acusado; es compatible el derecho a juicio rápido con cierta demora del procedimiento criminal". *Pueblo v. Custodio*, 192 DPR 567, 568 (2015).

Se han establecido cuatro criterios para guiar la discreción de un tribunal al analizar una posible violación al derecho a un juicio rápido: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado ha invocado oportunamente su derecho, y (4) el perjuicio resultante de la tardanza para el acusado. *Custodio*, 192 DPR a la pág. 568.

En cuanto a la razón de la demora, resaltamos que debe evaluarse, en estos casos, si la tardanza fue intencional; es decir, si tuvo "el propósito de perjudicar a la persona imputada o acusada" o de "entorpecer la defensa del imputado". *Pueblo v. García Vega*, 186 DPR 592, 612 (2012); *Pueblo v. Valdés*, 155 DPR 781, 793 (2011). Si el tribunal determina que no se trata de una demora intencional, debe evaluarla con *menos rigurosidad. Pueblo v. Rivera Tirado*, 117 DPR 419, 435 (1986).

Al alegar una violación a los términos de juicio rápido, le corresponde al imputado probar el perjuicio que le ocasionó la tardanza. *García Vega*, 186 DPR a la pág. 612. Sobre el perjuicio sufrido, el mismo "**tiene que ser específico, no puede ser abstracto ni puede apelar a un simple cómputo de rigor matemático; tiene que ser real y sustancial**". *Pueblo v. Rivera Santiago*, 176 DPR 559, 576-77 (2009) (énfasis suplido); *Rivera Tirado*, 117 DPR a la pág. 438.

En fin, por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, *supra*, debe realizarse caso a caso y a la luz de la totalidad de las circunstancias. *Custodio*, 192 DPR a la pág. 568.

III.

Es un derecho constitucional que en todo proceso criminal el acusado debe ser notificado de la causa de acción en su contra. Art. II, Sec. 11, Const. P.R., LPRA, Tomo 1. Véase, además, *Pueblo v. Pagán Rojas*, 187 DPR 465, 480 (2012). Por ende, el Estado tiene el deber de informar de forma adecuada a todo acusado, acerca de la naturaleza, extensión y consecuencias del delito por el cual se le acusa. *Pagán Rojas*, 187 DPR a la pág. 480; *Pueblo v. Montero Luciano*, 169 DPR 360 (2006).

Para cumplir con dicha obligación de notificación, el Ministerio Público cuenta con el mecanismo de la acusación o denuncia (pliego acusatorio), la cual tiene que ser entregada al acusado. *Pagán Rojas*, 187 DPR a la pág. 480; *Pueblo v. Vélez Rodríguez*, 186 DPR 621 (2012). Según dispone la Regla 34 de Procedimiento Criminal, 34 LPRA Ap. II., R. 34, la acusación es la "alegación escrita hecha por un fiscal al Tribunal de Primera Instancia en la cual se imputa a una persona la comisión de un delito". *Pagán Rojas*, 187 DPR a la pág. 481.

El inciso (c) de la Regla 35 de Procedimiento Criminal, 34 LPRA Ap. II, R. 35 (c), dispone lo referente al contenido de acusación:

La acusación y la denuncia deberán contener:

(c) Una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común. Las palabras usadas en dicha exposición se interpretarán en su acepción usual en el lenguaje corriente, con excepción de aquellas palabras y frases definidas por ley o por la jurisprudencia, las cuales se interpretarán en su significado legal. Dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado. En ningún caso será necesario el expresar en la acusación o denuncia presunciones legales ni materias de conocimiento judicial.

El propósito de la acusación "no es cumplir mecánicamente con una forma ritual, sino informar al acusado el delito que se le imputa, de tal suerte que pueda preparar adecuadamente su defensa". *Pagán Rojas*, 187 DPR a la pág. 481 (citando *Pueblo v. Meléndez Cartagena*, 106 DPR 338, 341 (1977)). La acusación permite al acusado preparar adecuadamente su defensa, conforme con los hechos que allí se le imputan. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Ríos Alonso*, 156 DPR 428 (2002).

Aun cuando ha sido reiterado que no existe una manera específica de redactar la acusación o denuncia, es esencial que constituya una notificación adecuada y completa del delito imputado. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Calviño Cereijo*, 110 DPR 691 (1981). De esta forma, el pliego acusatorio tiene que exponer todos los hechos que forman parte del tipo delictivo. *Pagán Rojas*, 187 DPR a la pág. 481; *Pueblo v. Saliva Valentín*, 130 DPR 767 (1992). La exposición de los hechos esenciales constitutivos del delito debe estar redactada en lenguaje sencillo, claro y conciso, para que pueda entenderla cualquier

persona de inteligencia común. *Pueblo v. Flores Betancourt,* 124 DPR 867 (1989).

Ahora bien, si el pliego acusatorio no contiene todos los elementos del delito, este adolece de un defecto sustancial. Un defecto sustancial es aquel que afecta los derechos sustanciales del acusado, bien porque le impide prepararse adecuadamente para su defensa o porque, sencillamente, implica una insuficiencia del pliego acusatorio. En esta determinación, son materia sustancial todos los hechos que necesariamente deben ser probados para hacer del acto un delito. Véase *Pueblo v. Pérez Feliciano,* 183 DPR 1003, 1012 (2011) y casos allí citados. De existir un defecto sustancial, el pliego acusatorio resulta insuficiente. Cuando el pliego acusatorio es insuficiente y el defecto no es subsanado antes de recaer el fallo o veredicto, la convicción es nula. *Pueblo v. González Olivencia,* 116 DPR 614 (1985); *Pueblo en interés del menor R.F.C.,* 130 DPR 100 (1992); *Saliva Valentín, supra.* Lo anterior responde a que, en el derecho procesal penal, contrario al procedimiento civil, la prueba no puede enmendar las alegaciones.

IV.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR,* 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari.* Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario,* 194 DPR en la pág. 729; *IG Builders,* 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

V.

En el ejercicio de nuestra discreción, declinamos intervenir con las decisiones recurridas.

En cuanto al asunto de juicio rápido, del récord claramente surge que la defensa solicitó al TPI, por escrito, la posposición de la vista preliminar señalada para el 8 de septiembre. Por tanto, contrario a lo planteado por el Imputado, el término de juicio rápido comenzó a transcurrir nuevamente en esa fecha. De este modo, la vista preliminar y la presentación de la acusación ocurrieron dentro del correspondiente término reglamentario.

Aun de aceptarse la errónea teoría de la defensa (a los efectos de que el término no se interrumpió), de todas maneras no procedería desestimar la acusación porque (i) el retraso en presentar la acusación habría sido de pocos días y (ii) el Imputado no demostró (de hecho, ni siquiera intentó demostrar) el perjuicio necesario para justificar la desestimación pretendida. Del récord no surge que la demora le hubiese causado al Imputado un "estado de indefensión"

o que este haya sufrido algún perjuicio indebido a su capacidad para defenderse adecuadamente.

En cuanto a la suficiencia de la acusación, en el ejercicio de nuestra discreción, hemos determinado que esta no es la etapa más propicia para dilucidar dicho asunto. Adviértase que, aun si la defensa tuviera razón (sobre lo cual no resolvemos aquí), la norma es que, cuando una acusación o denuncia tuviese algún "defecto u omisión sustancial, el tribunal ... podrá permitir, en cualquier momento antes de la convicción o absolución ... las enmiendas necesarias para subsanarlo." Regla 38(b) de Procedimiento Criminal, 34 LPRA Ap. II, R. 38(b). Por tanto, al haber todavía oportunidad para que se enmiende la acusación antes de un posible fallo adverso, lo cual haría académico el asunto ante nuestra consideración, no es necesario pronunciarnos al respecto en esta coyuntura procesal.

De todas maneras, la realidad es que no está claro que la acusación, según redactada, le impida al Imputado preparar adecuadamente su defensa. Más aún, como cuestión de derecho, tampoco está claro que la modalidad imputada requiera un patrón de conducta posterior a la emisión de la orden de protección vigente a la fecha del hecho imputado.

VI.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Salgado Schwarz emite opinión de conformidad por separado.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br><br>v.<br><br><br>FERNANDO LUIS DELGADO RODRÍGUEZ<br><br>Peticionario | KLCE202300183 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Criminal Número: HSCR202200500 HSCR202200392<br><br><br>Sobre: 64 (A)Y 64 (N) (2) Crasa Violación al debido proceso de Ley |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

# OPINIÓN DE CONFORMIDAD DEL JUEZ CARLOS G. SALGADO SCHWARZ

En San Juan, Puerto Rico, a 28 de febrero de 2023.

I.

El peticionario recurre de una escueta resolución donde el Tribunal de Primera Instancia, Sala Superior de Humacao, en adelante TPI, le deniega una solicitud de desestimación de la acusación por el fundamento de que la misma no imputa delito.[1] Lo que el compareciente no se percata, según se desprende de su recurso, es precisamente que la acusación presentada en su contra si imputa delito. La posible controversia podría ser, ¿cuál es el título del delito imputado?

En el recurso, señala el Peticionario, por voz de su representante legal, que este:

«Decidió renunciar a la celebración y litigación de la Vista Preliminar en ánimo de preservar el craso error de derecho cometido

---

[1] Regla 64(a) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(a)

> durante la Regla 6[2]. En aquel entonces, fuimos de la apreciación jurídica, así como actualmente nos reafirmamos, en que la denuncia radicada en Regla 6, carecía de hechos suficientes que configuraran el delito que pretendía radicar el Ministerio Público.»

Si en la vista de determinación de causa para arresto, Regla 6, correcta o incorrectamente se le determina causa para arresto a un ciudadano por un delito grave, el momento procesal de corregir cualquier controversia es precisamente la Vista Preliminar[3].

Al renunciar a la Vista Preliminar, el imputado y su abogado, están relevando al Ministerio Público de presentar la prueba que éstos tienen sobre los elementos del delito imputado y la conexión del imputado con la comisión de dicho delito. En esencia, la única alternativa que tenía el Ministerio Público era presentar la acusación por el delito y la conducta según fueran presentadas en la denuncia cuando se determinó causa para arresto.

Forzoso es concluir que, al renunciar a la Vista Preliminar, el acusado renunció a cualquier planteamiento de que se determinó causa probable contrario a derecho, y deberá enfrentar el juicio en su fondo, donde el Fiscal tiene que probar, mas allá de duda razonable, la conducta imputada, y no necesariamente el título del tipo delictivo en la acusación. Sabido es en el mundo del derecho, que el nombre no hace la cosa.

---

[2] *Id,* R. 6.
[3] *Id,* R. 23.

II.

En cuanto al planteamiento de error sobre la denegatoria de la desestimación por violación al derecho a Juicio Rápido, al amparo de la Regla 64(n)(2)[4], en adición a lo planteado en la Resolución unánime denegando el recurso, el suscribiente desea añadir que desde que fue presentado el planteamiento ante el TPI, la controversia no existía y/o era totalmente académica.

La Regla 64(n)(2) dispone que, en lo pertinente a los hechos ante nuestra consideración, «[q]ue no se presentó acusación o denuncia contra el acusado dentro de los sesenta días de su arresto o citación si se encontraba bajo fianza…». Bajo las teorías alternativas que tiene este asunto, de haberse determinado causa para arresto por un delito menos grave en Regla 6, ya que la misma fue celebrada el día en que fue citado para la vista, la denuncia automáticamente se convierte en la acusación, y deja de ser de aplicabilidad dicha regla, dejando paso al término dispuesto en la Regla 64(n)(4)[5].

Según fuera autorizado en la Vista de Causa para Arresto en el asunto de autos, la denuncia procedió como un delito grave, por lo que se requería autorización de un magistrado para proceder con la acusación, de acuerdo con lo reglamentado en la Regla 23, *supra*. Estando el imputado en libertad bajo fianza, le es de aplicabilidad la Regla 64(n)(6)[6] de las de Procedimiento Criminal, sobre el término a celebrarse la misma.

La academicidad del planteamiento del peticionario estriba en que la petición de recalendarización de la

---

[4] *Id,* R. 64(n)(2).
[5] *Id,* R. 64(n)(4).
[6] *Id,* R. 64(n)(6).

Vista Preliminar que fuera presentada el 6 de septiembre de 2022 fue provocada por el acusado, lo que, a su vez, provoca que comiencen nuevamente los términos de Juicio Rápido. En conclusión, la acusación fue presentada dentro de los términos.

III.

Por los fundamentos expuestos anteriormente, estamos totalmente de acuerdo con la decisión de denegar el recurso presentado.

*Carlos G. Salgado Schwarz*
*Juez de Apelaciones*